Josephine Slansek, Appellee, v. Slovene National Benefit Society, Appellant.

Gen. No. 37,602.

Opinion filed February 13, 1935.

DONALD T. WINDER, of Chicago, for appellant; FULTON, FULTON & SHEEN, of Chicago, of counsel.

RICHARD J. ZAVERTNIK, of Chicago, for appellee; MILES CUNAT, of Chicago, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff, Josephine Slansek, started her action on November 25, 1933, against the defendant, Slovene National Benefit Society, a corporation, in a justice court in Cook county and recovered a judgment by default against the defendant in the sum of $300 and costs, December 2, 1933. Execution issued and was served upon the defendant December 26, 1933. December 30, 1933, the defendant appeared before the justice of the peace and made a motion to set aside the judgment on the ground that the justice of the peace was without jurisdiction to enter the judgment inasmuch as section 7 of the Practice Act, Cahill's Illinois Revised Statutes, 1931, ch. 110, provides:

"7. The courts of record of the county wherein the plaintiff or complainant may reside shall have jurisdiction of all actions hereafter to be commenced by any individual against any insurance company, either incorporated by any law of this State or doing business in this State. . . ."

The motion was denied by the justice of the peace and a petition for a writ of certiorari was filed January 5, 1934, in the circuit court, setting up facts already referred to and charging that the judgment was not the result of negligence on the part of the defendant; that no process was served upon any duly authorized officer or employee of the defendant; that at the time of the commencement of the action and for more than 20 days after the rendition of the judgment, the defendant had no knowledge of the suit or the judgment rendered thereon and that, therefore, it was not in a position to appeal from said judgment in accordance with the statutes.

The petition further sets out that the defendant, Slovene National Benefit Society, is a fraternal beneficiary society and that it had already paid the amount of the benefit certificate, which was the subject matter of the suit. The petition recites that the principal office of the defendant was in Chicago, Cook county, Illinois.

The transcript of the justice of the peace shows a summons was served by leaving a copy with one Matt Marentich, president of Sos. No. 707, an agent of said corporation in the territory of Cook county outside of the City of Chicago, its president, secretary, superintendent, etc., not being found in the county.

The matter was heard by the circuit court on a motion by the plaintiff to dismiss the writ of certiorari and this motion was allowed and the writ quashed. It is from this order that the appeal is prosecuted. The recitals in the petition for the writ must, therefore, be resolved in favor of the petitioner. Under this rule the allegations in the petition must be taken as true.

We are confronted in the first place with the proposition as to whether or not under the various statutes a justice of the peace had jurisdiction of a case of this kind and character. This necessarily involves the question as to whether or not a fraternal benefit society, incorporated under the laws of this State, is an insurance company within the meaning of section 7 of the Practice Act already referred to. Outside of the social provisions generally provided in the by-laws, the only business transacted by such an organization is the issuance of benefit certificates to its members, which are payable upon death and amount to an insurance on the life of the member for the benefit of the one named in the policy as beneficiary. It is to all intents and purposes an insurance company, but by other statutes it is relieved from the onerous conditions and rules applicable to straight life insurance

companies. *Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Robinson,* 147 Ill. 138. It is insisted, however, that under paragraph 488, chapter 73, Cahill's Illinois Revised Statutes, 1931, such beneficiary societies are exempt from all laws with reference to insurance companies. This section provided, among other things, as follows: "All such societies shall be governed by this Act, and shall be exempt from the provisions of all insurance laws of this State, and no law hereafter passed shall apply to them unless they be expressly designated therein."

In the case of *Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Robinson, supra,* the Supreme Court in its opinion says:

"We therefore think it clear that, when these provisions are considered and construed in the light of the history of our legislation on the subject of insurance and insurance companies, that the legislative intention was merely to exempt Mutual Benefit Societies from the duty of complying with the General Insurance Law, and to substitute therefor a code of rules specifically applicable to that class of associations. This construction in our opinion does no violence to the language of these statutes, but merely limits it to the subject matter which was manifestly in the legislative mind when the statutes were passed. There is nothing in the statutes themselves, nor in the circumstances attending their enactment furnishing ground for the supposition that the Legislature had in mind the statutes regulating the jurisdiction of the courts, or the course of judicial procedure in suits brought against these societies. These are matters with which the Legislature was not then attempting to deal, and the language used, by fair construction, should be so limited as to have no application to those subjects." To the same effect see *Traders' Mut. Life Ins. Co. v. Humphrey,* 109 Ill. App. 246.

The section of the Insurance Act referred to in *Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Robinson, supra,* has reference to the laws passed regulating the manner of doing business of insurance companies and has no application to the provision of the Practice Act with reference to process. To hold otherwise would create a hardship on beneficiaries who would be required to sue in the county where the defendant resided and thus incur a considerable loss and expense in following the defendant into its home county. If then, the defendant is an insurance company within the meaning of the term as used in the Practice Act providing that "the courts of record of the county wherein the plaintiff or complainant may reside shall have jurisdiction of all actions hereafter to be commenced" the question arises as to whether or not this provision deprives a justice of the peace, which is not a court of record, of jurisdiction of the cause. If it does, then the proceeding before the justice of the peace was a nullity and the question could be properly raised by certiorari, the time for appeal having expired.

The only case to which we are referred on this question is *Supreme Hive Ladies of Maccabees of World v. Harrington,* 227 Ill. 511. In that case the action was commenced in the city court of Chicago Heights, which is a court of record in Cook county, but whose jurisdiction is confined to the boundaries of the municipality and are not coextensive with the county in which it is located. A reading of the opinion, however, clearly discloses that it was the consensus of the opinions of the judges of the Supreme Court that, by virtue of the section of the Practice Act referred to, all cases against insurance companies, including the defendant in that case which was a Benevolent Association, should be commenced in a court of record of the county. In its opinion, the Supreme Court said:

"Section 3 of the Practice Act (Hurd's Stat. 1905, p. 1531,) is as follows: 'The courts of record of the county wherein the plaintiff or complainant may reside shall have jurisdiction of all actions hereafter to be commenced by any individual against any insurance company, either incorporated by any law of this State or doing business in this State. And all process issued in any cause commenced in the county wherein the plaintiff may reside wherein an individual may be plaintiff or complainant and any such company defendant may be directed to any county of this State for service and return.'

"It is by virtue of the foregoing section that the courts of record of the county wherein the plaintiff or complainant may reside are given jurisdiction of all actions wherein an individual is plaintiff or complainant and an insurance company is defendant, and are authorized to direct their process to any county of the State for service and return. It will be noted that the foregoing section of the Practice Act places foreign and domestic insurance companies on the same footing. . . ."

It is clear from a reading of this opinion that the legislature intended to confer upon courts of record jurisdiction of such causes of action. It was the evident purpose of the legislature to confer upon these organizations a right to have such proceedings heard in a court of record and not compel them to follow litigation to outlying districts of the various counties of the State. There is no denial in the record nor in the briefs presented here of the fact that the defendant is a beneficiary organization and that the action in the justice's court was upon a policy of insurance issued by the defendant.

There remains, therefore, only a question of law and in our opinion the justice of the peace was without jurisdiction to enter the judgment or take any action in the proceeding between the parties.

The order of the circuit court quashing the writ of certiorari is reversed and the cause is remanded to the circuit court with directions to sustain the writ and to take such other or further steps as are necessary in accordance with the views expressed in this opinion.

*Order reversed and cause remanded with directions.*

HEBEL, P. J., and HALL, J., concur.